IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEPHANIE HICKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAINBOW USA, INC.,<br><br>Defendant. | Case No _____ |

## NOTICE OF REMOVAL

Defendant Rainbow USA, Inc. ("Defendant"), by and through undersigned counsel, hereby gives notice of removal of this action from the Seventeenth Judicial Circuit Court in and for Broward County, Florida to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. In support, Defendant respectfully states as follows:

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On January 2, 2022, Plaintiff Stephanie Hicks ("Plaintiff") filed this putative class action against Defendant in the Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida, captioned as Stephanie Hicks, individually and on behalf of all others similarly situated v. Rainbow USA, Inc., Case Number CACE-22-000112 ("State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the operative complaint against Defendant ("Complaint" or "Compl.") in the State Court Action is attached to this Notice as Exhibit A, and true and correct copies of all other process, pleadings, and orders purportedly served upon Defendant in the State Court Action are attached to this Notice as Exhibit B.

3. A true and correct copy of the Case Detail from the State Court Action is attached to this Notice as Exhibit C.

4. Plaintiff served Defendant with the Summons and the Complaint in the State Court Action on January 21, 2022. *See* Exhibit B.  This notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

## JOINDER

5. No other defendants have been named in this action, and therefore, no joinder of additional defendants to this removal is necessary.

## RELEVANT ALLEGATIONS

6. Plaintiff's single-count Complaint seeks relief from Defendant, on behalf of herself and a putative class of similarly-situated persons, for allegedly making or causing to be made unlawful telephonic sales calls without prior express written consent in violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. *See* Compl. ¶¶ 1-4, 37-44.

7. More specifically, Plaintiff alleges, *inter alia*, that (i) "Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members prior written consent" in violation of the FTSA (Compl. ¶ 42); (ii) "the [putative] Class members number in the several thousands, if not more" (*Id.* ¶ 28); (iii) "the aggregate damages sustained by [Plaintiff and] the [putative] Class are in the millions of dollars" (*Id.* ¶ 35); and (iv) Plaintiff allegedly received four text messages[1] sent by or on behalf of Defendant. *Id.* ¶ 11.

8. The Complaint seeks statutory damages in the amount of at least $500.00 per violation, declaratory and injunctive relief and "any other available legal or equitable remedies." Compl. ¶¶

---

[1] Text messages are expressly included in the definition of "telephonic sales call" under the FTSA. Fla. Stat. § 501.059(1)(j).

79377404v.2

4, 44, Prayer for Relief. Furthermore, statutory damages may be trebled under the FTSA for willful or knowing violations, up to $1,500 per violation. Fla. Stat. § 501.059(10)(b).

9. Defendant disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class has been harmed in any way or that this case is capable of or appropriate for class treatment. By seeking removal, Defendant does not waive any arguments with respect to the Complaint.

## CAFA JURISDICTION

10. This Court has jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1332(d)(2) & (5), which together provide, *inter alia*, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ." and require that the proposed class must contain at least 100 persons. *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (summarizing CAFA removal requirements); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006) (same), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). As shown below, this case meets each and every one of these requirements.

11. First, the State Court Action is a "class action" under 28 U.S.C. § 1332(d)(2), because Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3). Compl. ¶¶ 1, 4, 27-28; *see also Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

12. Second, there is minimal diversity between Plaintiff and members of the proposed class, at least some of whom are Florida residents (Compl. ¶¶ 5, 27), on the one hand, and Defendant, which Plaintiff alleges is a "foreign corporation" with its principal place of business and headquarters in New York, New York (id. ¶ 7), on the other. *See, e.g., McDaniel v. Fifth Third Bank*, 568 F. App'x. 729, 731 (11th Cir. 2014) (accepting Plaintiff's allegations as true for purposes of the court's jurisdictional analysis); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because all plaintiffs were Florida citizens and defendant was a citizen of Virginia).

13. Third, the possible class number exceeds the requisite minimums under CAFA. Plaintiff alleges that "the [putative] Class members number in the several thousands, if not more" (Compl. ¶ 28) and that "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent." *Id.* ¶ 29. Thus, on the face of the Complaint, the potential number of class members easily exceeds the CAFA threshold of 100. *See* 28 U.S.C. § 1332(d)(5). Moreover, Defendant concedes that, through its vendor, it sent text messages to more than 100 customers with phone numbers with Florida area codes. *See* Declaration of Adin Goldberg at ¶ 4, attached hereto as Exhibit D.

14. Likewise, the amount in controversy in this case easily exceeds $5,000,000. Defendant concedes that during the period between July 1, 2021, the effective date of the FTSA, and January 2, 2022 when Plaintiff filed the Complaint, Defendant, through its vendor, sent more than 10,000 unique SMS text messages to customers with phone numbers with Florida area codes.[2] *See* Exhibit D ¶ 5. If each of those text messages is a potential violation with damages of

---

[2] Defendant does not concede that it violated the FTSA or that Plaintiff, or any putative class member, is entitled to damages, nor is it required to do so for present purposes. See, e.g., Anderson v. Witco Life Ins. Co., 943 F.3d 917,

at least $500, the $5,000,000 jurisdictional threshold is met. Thus, all the CAFA requirements are met here.

## CONCLUSION

15. Defendant, having satisfied all requirements for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal, requests that the State Court Action be removed to this Court, and requests that the Court assume full jurisdiction over the case herein as provided by law.

WHEREFORE, Defendant hereby respectfully removes this civil action to this Court.

Dated: February 9, 2022        Respectfully submitted,

RAINBOW USA, INC.

By _____/s/ Tonya Esposito_____

Tonya Esposito (Florida Bar No. 0118369)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(202) 828-5375

Howard Wexler (to be admitted *pro hac vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
(212) 218-3332
Attorneys for Defendants

---

925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (citation omitted); Dudley v. Eli Lilly & Co., 778 F.3d 909, 913 (11th Cir. 2014) ("'[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' [] Moreover, at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751, 754 (11th Cir. 2010)).

79377404v.2

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Notice of Removal, was served via first-class mail, postage prepaid, this 9th day of February 2022, upon:

Manuel S. Hiraldo
Hiraldo P.A.
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301

*Counsel for Plaintiff*

I also certify that I have caused a copy of this Notice of Removal to be filed with the Clerk of the Broward County Circuit Court in accordance with 28 U.S.C. § 1446(d).

/s/ Tonya Esposito

Tonya Esposito